IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-73,844-01, WR-73,844-02, WR-73,844-03 AND WR-73,844-04




EX PARTE TOMMY WALTER DARLING, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 0518218A, 0518219A, 0518225A AND 0518226A 
IN THE 8TH JUDICIAL DISTRICT COURT FROM HOPKINS COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four
charges of aggravated sexual assault of a child, and sentenced to life imprisonment for each charge. 
The Sixth Court of Appeals affirmed his convictions. Darling v. State, Nos. 06-06-00148-CR, 06-06-00149-CR, 06-06-00151-CR and 06-06-00152-CR (Tex. App. – Texarkana, August 13, 2008 and
September 10, 2008, pet ref’d ). 
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to keep out numerous instances of prejudicial hearsay testimony, failed to properly
object to or challenge the testimony of the State’s expert witnesses, failed to consult with or present
experts for the defense, failed to timely request notice of the State’s intent to introduce extraneous
offense evidence both at guilt/ innocence and punishment, failed to object to testimony constituting
improper bolstering or vouching for the credibility of the complainants, failed to object to improper
victim impact testimony during the guilt/ innocence phase, failed to object to the use of testimony
relating to the fact that Applicant had retained and consulted with counsel to show Applicant’s guilt,
failed to object to opinions from witnesses regarding what Applicant’s punishment should be,
allowed a juror to be seated who stated that she knew one of the complainants and had never known
her to tell a lie, and failed to properly qualify the venire members as to whether they could consider
the entire range of punishment. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first supplement the habeas record with a copy of the trial record,
including transcripts of the proceedings. The trial court shall make findings of fact as to whether the
performance of Applicant’s trial attorney was deficient in the ways alleged by Applicant in his writs,
and, if so, whether counsel’s deficient performance prejudiced Applicant. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant’s claims for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing
or deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: May 12, 2010
Do not publish